# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**MICHAEL F. WILLIAMS,**

        **Plaintiff,**

**v.**                                        **No. CV 10–0295 WJ/LAM**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security,**

        **Defendant.**

## ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES UNDER THE EQUAL ACCESS TO JUSTICE ACT

**THIS MATTER** is before the Court on Plaintiff's ***Motion for Attorney Fees Under Equal Access to Justice Act, With Supporting Memorandum*** *(Doc. 16)*, filed June 17, 2011, wherein Plaintiff, who is proceeding *in forma pauperis* ("IFP") in this action, requests an award of $2,020.30 for attorney's fees and $141.42 for gross receipts tax under the Equal Access to Justice Act (hereinafter "EAJA"). Defendant filed a response to the motion [*Doc. 17*] on July 5, 2011, wherein Defendant states that he does not object to Plaintiff's request for attorney's fees, but does object to Plaintiff's request for costs as reimbursement for gross receipts tax. Plaintiff filed a reply [*Doc. 18*] on July 6, 2011, and, after obtaining leave of the Court [*Doc. 21*], Defendant filed a surreply [*Doc. 22*] on July 18, 2011. On August 15, 2011, Plaintiff filed a ***Notice of Supplemental Authority (Doc. 23)***, in which Plaintiff advised the Court that in *Romero v. Astrue*, No. 10-cv-0580, WPL (Doc. 33), United States Magistrate Judge William P. Lynch had denied Plaintiff's request for gross receipts taxes under the EAJA. Having considered the submissions of counsel, the record in this

case, and the relevant law, and being otherwise fully advised, the Court **FINDS** that Plaintiff's

motion should be **GRANTED in part** regarding Plaintiff's request for attorneys' fees and **DENIED**

**in part** regarding Plaintiff's request for a cost award of gross receipts tax on said attorneys' fees.

      In support of his request for gross receipts tax, Plaintiff cites to an unpublished decision from

this Court which held that gross receipts taxes are authorized under the EAJA because they are

typically passed onto clients.  [*Doc. 16*] at 3 (citing *Saenz v. Dept. of the Interior*, No. 03-cv-0232

MCA/LFG (D. N.M. Feb. 20, 2004) (unpublished) at 28).  In his response, Defendant contends that

the Tenth Circuit has held that an award of costs from the United States is prohibited for *in forma*

*pauperis* (hereinafter "IFP") litigants.  [*Doc. 17* at 2] (citing *Chambers v. Barnhart*,

355 F.3d 1261, 1262 (10th Cir. 2004)).  Defendant further states that this Court has held that the

payment of state taxes is not authorized under the EAJA.  *Id.* (citing *NLRB v. Pueblo of San Juan*,

305 F.Supp.2d 1229, 1238 (D. N.M. 2003).  In his reply, Plaintiff states that he signed a fee

agreement in which he agreed to pay gross receipts tax on attorney fees.  [*Doc. 18* at 1 and

*Doc. 18-1*, Exhibit A].  Plaintiff contends that the holding in *Chambers* was for costs under

Fed. R. App. P. 39, and, instead, Plaintiff seeks costs under 28 U.S.C. § 2412, which allows

reimbursement for costs incurred by the prevailing party, as well as for attorney fees and expenses.

*Id.* at 2.

      In Defendant's surreply, he states that the Tenth Circuit in *Chambers* explained that, while

the EAJA authorizes the award of costs against the United States, that phrase is qualified by the

phrase "[e]xcept as otherwise specifically provided by statute," and the IFP statute, 28 U.S.C.

§ 1915, specifically provides that in IFP cases, "the United States shall not be liable for any of the

costs thus incurred."  [*Doc. 22* at 3] (citing *Chambers*, 355 F.3d at 1262-63 and 28 U.S.C.

§ 1915(f)(1)).  Defendant also contends that Plaintiff's fee agreement only included an agreement

to pay for "sales tax," which is different than "gross receipts tax" because a sales tax would be for

taxes on tangible property or goods, not on services rendered, and, regardless, Plaintiff's fee

agreement with his attorney does not make the tax reimbursable under the EAJA.  [*Doc. 22* at 3-4].

Defendant further contends that the denial of reimbursement of the gross receipts tax would not

defeat the goals of the EAJA, and that gross receipts taxes are not part of the definition of

"expenses" under the EAJA.  *Id.* at 4-5.  Finally, Defendant argues that if the Court were to award

Plaintiff $141.42 in gross receipts taxes, "then Plaintiff could return to this Court and request 7%

of that amount as well, and so on and so on."  *Id.* at 6.

    The EAJA statute concerning costs states that:

> *Except as otherwise specifically provided by statute*, a judgment for
> costs, as enumerated in section 1920 of this title, but not including
> the fees and expenses of attorneys, may be awarded to the prevailing
> party in any civil action brought by or against the United States or
> any agency or any official of the United States acting in his or her
> official capacity in any court having jurisdiction of such action. A
> judgment for costs when taxed against the United States shall, in an
> amount established by statute, court rule, or order, be limited to
> reimbursing in whole or in part the prevailing party for the costs
> incurred by such party in the litigation.

28 U.S.C. § 2412(a)(1) (emphasis added).  The Court finds that Plaintiff is not entitled to a cost

award of gross receipts tax under the EAJA for the following reasons.  First, in interpreting this

statute, the Tenth Circuit held that litigants proceeding IFP may not receive cost awards against the

United States, finding that "[w]hile the EAJA authorizes the award of costs against the United

States, this authorization – which effects a waiver of sovereign immunity – is qualified by the phrase

"[e]xcept as otherwise specifically provided by statute." *Chambers*, 355 F.3d at 1262-63 (quoting 28 U.S.C. § 2412(a)(1)). The Tenth Circuit further found that the IFP statute, 28 U.S.C. § 1915(f)(1), specifically provides that the United States shall not be liable for costs. *Id.* ("In [IFP] cases a judgment may be rendered for costs . . . as in other proceedings, *but the United States shall not be liable for any of the costs* thus incurred.") (citation and internal quotation marks omitted). The Court rejects Plaintiff's argument that *Chambers* is not controlling because it involved an award of costs under Fed. R. App. P. 39, not under the EAJA, because the Tenth Circuit's underlying analysis of the interaction between the EAJA and 28 U.S.C. § 1915 provides relevant guidance from controlling authority. For this reason, Plaintiff may not receive an award of costs under the EAJA in this case because he is proceeding IFP.

Second, even if Plaintiff were not proceeding IFP, he would still not be entitled to an award of gross receipts tax because the EAJA allows reimbursement for "reasonable fees and expenses of attorneys" (28 U.S.C. § 2412(b)), and the EAJA defines expenses as "includ[ing] the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case." (28 U.S.C. § 2412(d)(2)(A)). Plaintiff provides no support for a finding that gross receipts taxes are necessary for the preparation of a party's case or are otherwise an "expense" under the EAJA. In addition, Section 1920, referenced in the EAJA statute, enumerates the costs that are reimbursable, none of which include gross receipts taxes. *See* 28 U.S.C. § 1920 (setting forth which fees are reimbursable, such as fees for filing, copying, transcribing, printing, witnesses and experts -- not for

gross receipts taxes); *see also Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (explaining that only the items specifically listed in 28 U.S.C. § 1920 are compensable as costs).

In *Pueblo of San Juan*, United States District Judge Vázquez found that payment of New Mexico gross receipts tax does not "fit[] within the spirit" of the EAJA, which is meant to "make competent legal representation available to parties in litigation against the government." *Pueblo of San Juan*, 305 F. Supp. 2d at 1237-38. Judge Vázquez also noted that she had found no other decisions in which gross receipts tax was awarded under the EAJA. *Id.* at 1238. The Court finds that the unpublished decision in *Saenz* wherein this Court awarded gross receipts taxes under the EAJA because the Court found that those taxes are "typically passed onto a client as part of an attorney's routine billing practice," is not persuasive because that decision did not address the issue in depth. *See Saenz v. Dept. of the Interior*, No. 03-cv-0232 MCA/LFG (D. N.M. Feb. 20, 2004) (unpublished) at 28. Furthermore, the Court agrees with Defendant that a denial of a cost award for gross receipts tax does not defeat the spirit of the EAJA. *See Herrera v. First Northern Savings and Loan Ass'n*, 805 F.2d 896, 902 (10th Cir. 1986) (holding that the district court did not abuse its discretion in disallowing recovery of gross receipts tax in a Truth-in-Lending Act case despite the client's agreement to pay his attorney's gross receipts tax, and stating: "we do not feel that the disallowance of the [attorney's gross receipts] tax defeats the Congressional goals underlying the [Truth-in-Lending] Act to make a litigant whole and to create a system of private attorneys general to aid the effective enforcement of the Act"). Because the Court finds that gross receipts taxes are not reimbursable under the EAJA, the Court need not address Defendant's remaining arguments regarding Plaintiff's fee agreement with his counsel, but the Court notes that the fee agreement does

not bind the United States to reimburse Plaintiff for his attorneys' gross receipts taxes. *See Herrera*, 805 F.2d 896, 902 (10th Cir. 1986) (stating: "an award of attorney's fees to successful plaintiffs in a Truth-in-Lending suit is not governed by a party's agreement to pay his attorney a certain hourly rate or, in this case, the attorney's gross receipts tax"); *Stewart v. Sullivan*, 810 F. Supp. 1102, 1108 (D. Hawaii 1993) (holding that the EAJA has no express provision for recovery of taxes on attorney fees and, therefore, it must be strictly construed against recovery of taxes); and *McWilliams v. Comm'r of Internal Revenue*, 69 T.C.M. (CCH) 2107, 1995 WL 116295 at *8 (U.S. Tax Ct. 1995) (holding that the New Mexico gross receipts tax attributable to attorney's fees should be included in overhead and part of the attorney's hourly rate and, therefore is not recoverable).

**IT IS THEREFORE ORDERED** that Plaintiff's ***Motion for Attorney Fees Under Equal Access to Justice Act, With Supporting Memorandum*** *(Doc. 16)* is **GRANTED in part**, and Plaintiff Michael F. Williams is authorized to receive **$2,020.30** for payment to his attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that Plaintiff's ***Motion for Attorney Fees Under Equal Access to Justice Act, With Supporting Memorandum*** *(Doc. 16)* is **DENIED** to the extent that Plaintiff seeks a cost award of gross receipts tax on his attorneys' fees.

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under the EAJA with fees payable under § 406(b) out

of the claimant's past-due Social Security benefits in this manner:  Fee awards may be made under both prescriptions, but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" (citation omitted)).

**IT IS SO ORDERED**.

_Lourdes a. Martínez_

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**